NOLAN HEIMANN LLP
Jordan Susman (SBN 246116)
Douglas Mirell (SBN 94169)
Jane Davidson (SBN 326547)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
dmirell@nolanheimann.com
jdavidson@nolanheimann.com

Attorneys for Plaintiffs
Jason Masimore and Brodbecks Law, PLLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON MASIMORE; BRODBECKS LAW, PLLC,<br>Plaintiffs,<br>vs.<br>GAURAV KUMAR SRIVASTAVA,<br>Defendant. | Case No.: 2:25-cv-07505-PA-E<br>**STIPULATION FOR ORDER AUTHORIZING DEPOSIT OF CASH BOND INTO COURT REGISTRY PURSUANT TO FED. R. CIV. P. 67 AND L.R. 65-10** |

Plaintiffs Jason Masimore and Brodbecks Law, PLLC (collectively "Plaintiffs") and Defendant Gaurav Kumar Srivastava ("Defendant"), by and through their undersigned attorneys, stipulate and agree as follows:

WHEREAS, on July 9, 2026, the Court granted Defendant's Motion for Attorney's Fees pursuant to California Code of Civil Procedure section 425.16(c) in the amount of $165,573.45 (the "Fee Order") (Dkt. 60);

WHEREAS, on July 27, 2026, Plaintiffs filed a Notice of Appeal of the Fee Order (Dkt. 61);

WHEREAS, on August 10, 2026, by Stipulation, the Parties agreed to stay enforcement of the Fee Order upon Plaintiffs posting a bond in the amount of $206,966.81, *i.e.*, 125% of the Fee Order;

WHEREAS, on the same day, the Court granted the Parties' stipulation and ordered that upon posting of the bond in the amount of $206,966.81, all proceedings and actions to enforce the Fee Order shall be stayed pending resolution of Plaintiffs' appeal of the Fee Order. Dkt. 63.

WHEREAS, counsel for the Parties have agreed that Plaintiffs will deposit a cash bond into the registry of the Court pursuant to Federal Rule of Civil Procedure 67 and Local Rules 65-10, 67-1, and 67-2, in the amount of $206,966.81.

WHEREAS, Federal Rule of Civil Procedure 67(a) provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money."

WHEREAS, L.R. 65-10 states that "In any civil proceeding, a cashier's check may be deposited with the Clerk in lieu of any bond or undertaking requiring a personal or corporate surety." L.R. 67-1 requires that the signed order authorizing the deposit be served on the Clerk of Court, and L.R. 67-2 provides that registry funds will be placed in an interest-bearing account subject to administrative fees.

Accordingly, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

Plaintiffs shall deposit a cashier's check into the registry of the Court pursuant to Federal Rule of Civil Procedure 67 and Local Rules 65-10, 67-1, and 67-2, in the amount of $206,966.81, within five (5) days of the Court's order;

Upon acceptance of the deposit into the registry of the Court, all proceedings and actions to enforce the Fee Order shall be stayed pending resolution of Plaintiffs' appeal of the Fee Order.

SO STIPULATED.

Dated: September 22, 2026

**NOLAN HEIMANN LLP**

*/s/ Jordan Susman*

Jordan Susman
Attorneys for Plaintiffs
Jason Masimore and
Brodbecks Law, PLLC

Dated: September 22, 2026

**COHEN WILLIAMS LLP**

*/s/ Paul Salvaty*

Paul Salvaty
Attorneys for Defendant
Gaurav Kumar Srivastava

Pursuant to L.R. 5-4.3.4(a)(2)(i), the e-filer of this document hereby attests that all other signatories listed, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.